**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**RAMEL RUFFIN,**

                      **Plaintiff,**

          **v.**

**POLICE OFFICER (JOHN DOE);
D.A (JOHN DOE); STATE OF N.Y.;
and NEW PALTZ, N.Y.P.D., In
Official Capacities**

                      **Defendants.**

**1:06-CV-1020
(GLS/RFT)**

---

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**

RAMEL RUFFIN
Last Known Address
Bare Hill Correctional Facility
Caller Box 20
181 Brand Road
Malone, New York 12953

**Gary L. Sharpe
United States District Judge**

## DECISION AND ORDER

      The court cannot locate *pro se* plaintiff, Ramel Ruffin. Accordingly, it considers *sua sponte* Ruffin's noncompliance with this District's Local

Rules by failing to notify the court of his current address and by not prosecuting his action.

On August 24, 2006, Ramel Ruffin filed a 1983 civil rights action. *See Dkt. No. 1.* On September 6, 2006, an order was issued directing the plaintiff to submit a current authorization form.  *See Dkt. No.* 4.  The plaintiff has not complied with this order.  This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible.  See http://www.nynd.uscourts.gov.  In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.**  The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action.  The notice must identify each and every action for which the notice shall apply.... (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626 (1962); *see also*, *Lyell Theater Corp. v. Loews Corp.*, 628 F. 2d 37 (2d Cir. 1982).

On May 14, 2007, the Court issued a Decision and Order directing the plaintiff to either prepay the $350.00 filing fee in full, or provide the clerk with a signed inmate authorization form consenting to the payment of $350.00. *See Dkt. No.* 6*.* Ruffin's copy of the order was mailed to his last know address, but was returned to sender - not here.  *See Dkt. No.* 7.

On May 29, 2007, the court issued an order directing Ruffin to notify the court within fourteen days of his current address and/or verify that his mailing address as listed in the caption of this order. *See Dkt. No.* 6.  The court warned Ruffin that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(b) and 41.2(b). Ruffin's copy of the order was mailed to his last known addresses, but returned as Returned to Sender - Not Here.  *See Dkt. No.* 9*.*

For the orderly disposition of cases, it is essential that litigants honor

their continuing obligation to keep the court informed of address changes. *Michaud v. Williams*, 98cv1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.).  As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions.  See *Williams v. Faulkner*, 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*, 177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

Ruffin's failure to provide this court with a change of address

4

warrants dismissal.  Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute. According, it is hereby

**ORDERED** that Ruffin's complaint is **DISMISSED** for failure to notify the court of his current address, failure to prosecute and for failure to comply with this court's May 29 order, and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to the parties by regular mail at the addresses listed in the caption; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address.


**SO ORDERED.**

**Dated:     June 18, 2007**
**            Albany, New York**

Gary L. Sharpe
U.S. District Judge

5